IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

———————————————————————x

Ring Of Honor, Inc.

                 **Plaintiffs**

v.

Michael King
  a.k.a. Mark Thompson
     d.b.a. MarkOutVideo

                 **Defendants**

———————————————————————x

: Civil Action No. 02-0827
:
: PLAINTIFF - RING OF
: HONOR, INC.
: MEMORANDUM OF
: FACTS AND LAW
:
: Hearing Date:
: October 20, 2003
:
: Honorable
: Harvey Bartle, III
:

**MEMORANDUM OF FACTS AND LAW**

## TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | Introduction | … 3 |
| II. | Uncontested Statement of Facts | … 3 |
| III. | Factual Contentions | … 4 |
| IV. | Legal Contentions | … 5 |
| V. | Attorney's Fees | … 6 |
| VI. | Conclusion | … 7 |

# TABLE OF AUTHORITIES

**Cases**

A&N Music Corp. v. Venezia, 733 F.Supp 955 (E.D. Pa 1990).                    ...05

F.E.I Publications, Ltd., v. Catholic Bishops of Chicago, 754 F.2nd 216, cert dis 106 S.Ct. 11, 473 U.S. 923, cert denied 106 S.Ct 79, 474 U.S. 824.          …05

Nintendo Of America, Inc. v. Dragon Pacific Intern, 40 F.3rd 1007, cert denied Sheng v. Nintendo Of America, Inc. 115 S.Ct 2256, 515 U.S. 1107, 132 L.Ed. 2.d 263.                                                                                ...06

Rodgers v. Eighty Four Lumber Co. 623 F. Supp 889 (W.D. Pa 1985)    …06

**STATUTES**

17 U.S.C. Section 504(c)                                                       …05

17 U.S.C. 505                                                                  …06

**I. Introduction**

Plaintiff Ring Of Honor, Inc. seeks remedy for the copyright infringement of videotapes by Defendants Michael King. Michael King is in default for failing to provide an Answer to the civil complaint filed by the Plaintiff.

A criminal complaint was also filed against the Defendant for copyright infringement. The Defendant, Michael King, pleaded guilty to the criminal complaint in a plea agreement. In doing so, the Defendant, Michael King, has admitted to many of the allegations set forth by the Plaintiff.

The Plaintiff is therefore seeking statutory damages and attorney's fees from the Defendant.

**II. Uncontested Statement Of Facts**

1. Plaintiff, Ring Of Honor, Inc. produces videotapes of wrestling events that are offered to sale to the public.
2. The videotapes produced by Ring Of Honor, are copyrighted and contain copyright notice.
3. The videotapes produced by Ring Of Honor are produced using the Microvision® copy protection system that prevents the videotapes from being copied without specialized descrambling equipment.
4. Defendant, Michael King, also uses the alias Mark Thompson (See Exhibit 1, Paragraph 3 of Stipulated Statement of Facts from criminal case.)
5. Defendant, Michael King, willfully caused the reproduction and distribution of the copyrighted works belonging to the Plaintiff. (See Exhibit 1, Paragraphs 1 and 2 of Stipulated Statement of Facts from criminal case.)
6. Plaintiff filed a criminal complaint against Michael King which resulted in a criminal investigation of Michael King by the Federal Bureau of Investigations (FBI).
7. Criminal charges for violation of copyright laws were filed against Michael King by the District Attorney for the Eastern District of Virginia. Criminal Case No. 03-460-A.

8. Defendant, Michael King, plead guilty to the criminal charges as part of a plea bargain agreement.

9. Defendant, Michael King, while illegally copying the works of the Plaintiff, used descramblers to copy the Plaintiffs videotapes that were initially protected with the Microvision® copy protection system. (See Exhibit 1, Paragraph 4 of Stipulated Statement of Facts from criminal case.)

10. The bootlegged copies of the Plaintiff's videotapes were sold to the public by the Defendant without any form of copy protection. (See Exhibit 1, Paragraph 6 of Stipulated Statement of Facts from criminal case.)

11. Agents from the FBI raided the home of Defendant, Michael King, and found two (2) video descramblers, seventeen (17) video cassette recorders, and nine-hundred and fifteen (915) bootlegged copies of video tapes. (See Exhibit 1, Paragraph 9 of Stipulated Statement of Facts from criminal case.)

12. During the criminal investigation of Michael King, the FBI identified one hundred and twenty six (126) references to sales of bootlegged videotapes of the Plaintiff's material. (See Exhibit 1, Paragraph 7 of Stipulated Statement of Facts from criminal case.)

13. Defendant, Michael King, admits to having caused financial damages to the Plaintiff in the amount of $ 7500.00 (See Exhibit 2, Paragraph 3 of Plea Agreement)

**III. Factual Contentions**

1. Although the FBI investigation detected 126 instances of sales orders of bootlegged copies of the Plaintiffs works, the actual number bootlegged copies sold is not known, being that more than one copy of a bootlegged tape can be sold in any one order.

2. Of the 915 bootlegged copies of videotapes seized by the FBI in the raid of the office/home of the Defendant, the actual number of bootlegged copies containing the Plaintiff's work is not known.

3. In the Plea Agreement (Exhibit 2), the Defendant admits to having caused $7500 in damages to the Plaintiff. The Plaintiff sells authorized copies of the

subject videotapes for $19.95 each. Damages of $7500 would equal the sale of three hundred and twenty five (325) videotapes.

**IV. Legal Contentions**

The fact that the Defendant, Michael King, infringed the copyrights of Plaintiff Ring Of Honor, Inc. is uncontested.

The fact that the infringement was willful and criminal is also uncontested.

As such, there are no issues concerning whether of not willful infringement exists.

17 U.S.C.A. Section 504(c) provides that a prevailing copyright holder in an infringement suit can elect to recover statutory damages.

A trial judge has discretion to award statutory damages under the Copyright Act of 1976 in lieu of or in addition to actual damages for the purpose of deterring future infringement. ***F.E.I Publications, Ltd., v. Catholic Bishops of Chicago, 754 F.2nd 216, cert dis 106 S.Ct. 11, 473 U.S. 923, cert denied 106 S.Ct 79, 474 U.S. 824***.  In determining the amount of statutory damages, the trial judge may consider many factors including whether of not the infringement was willful and knowing. ***A&N Music Corp. v. Venezia, 733 F.Supp 955 (E.D. Pa 1990).***

In the present case, there is no question that the Defendant willfully and knowingly infringed the copyrights of the Plaintiff. The Defendant has admitted that the infringement was willful. See Exhibit 1, Paragraph 1, of the Stipulated Statement Of Facts from the criminal case. Furthermore, it is clear that the Defendant was in the business of illegally bootlegging video tapes, being that the Defendant had 17 video recorders, two descramblers, over 900 illegal tapes in his possession and records that show sales of hundreds of other illegal videotapes.

The Defendant has admitted that he has caused $7500 dollars in actual damages to the Plaintiffs. However, the Plaintiff believes that $7500 in actual

damages is inadequate due to the clearly willful and criminal nature of the Defendant's actions. Statutory damages for copyright infringement are appropriate when lost profits are an inadequate measure of damages. ***Nintendo Of America, Inc. v. Dragon Pacific Intern, 40 F.3rd 1007, cert denied Sheng v. Nintendo Of America, Inc. 115 S.Ct 2256, 515 U.S. 1107, 132 L.Ed. 2.d 263.*** In cases where the infringement is deliberate and willful, statutory damages are appropriate even if the statutory damages are significantly higher that proven actual damages, since the statutory damages serve as a proper deterrent for such illegal practice***. Rodgers v. Eighty Four Lumber Co. 623 F. Supp 889 (W.D. Pa 1985)***

   17 USC 504(c) provides that statutory damages can range from $500 to $20,000 per occurrence of infringement. If there is willful infringement, the court may increase the maximum amount to $100,000.00 per occurrence of infringement.

   In the present case, there are at least 126 different occurrences of sales. Thus, there are at least 126 occurrences of infringement. From the Defendants statement regarding damages, it can be calculated that 325 infringing tapes of the Plaintiff have been sold. Thus, it can be stated that since 325 tapes have been sold, there have been 325 occurrences of infringement that have occurred. Thus, depending upon the number of sales that have occurred or the number of products that have been sold, between 126 and 325 separate occurrences of infringement have occurred.

   The Plaintiff is requesting a statutory judgment of at least $1000 per occurrence of infringement due to the willful and criminal nature of the infringement.

### V. Attorney Fees

   17 USC 505 specifically states that attorney's fees can be awarded in cases of copyright infringement. In the present case, it is admitted that the willful copyright infringement occurred. Thus, the Plaintiff should be awarded attorney fees. This case was defaulted upon by the Defendant. Thus, attorney fees are

minimal at $1542.00. to date. It is anticipated that the attorneys costs to complete this case will be another $1500.00. Thus, attorneys fees of $3000 are requested. A copy of the attorney's invoices are provided as Exhibit 3. The invoices do not include the time required to prepare this memorandum or appear at the hearing.

**Conclusion**

The Defendants have admitted to willful copyright infringement.

The Defendants have cause the Plaintiff at least $7500 in actual damages.

The Plaintiff requests statutory damages of $1000 per occurrence of infringement, due to the willful and criminal nature of the infringement.

The Plaintiffs also request attorney's fees in the amount of $3000.

Respectfully submitted,

Eric LaMorte
LaMorte & Associates
P.O. Box 434
Yardley, PA 19067-8434
(215) 321-6772
Attorney For Plaintiff